UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-186 (ECT/JFD)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLY CRUZ JIMENEZ,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Charly Cruz Jimenez (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges**. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The defendant fully understands the nature and elements of the crime with which he has been charged.

2.   **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the defendant

1

admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

Beginning in or about October 2021 and continuing through at least on or about January 11, 2023, the defendant entered into an agreement or understanding with others, including his co-defendants, in the State and District of Minnesota and elsewhere, to distribute methamphetamine. The defendant voluntarily and intentionally joined in the agreement, and knew the purpose of the agreement was to distribute controlled substances. As part of the conspiracy, the defendant coordinated the distribution of methamphetamine in Minnesota from Mexico. In particular, the defendant (who was in Mexico) would take orders from customers inside the United States via telephone, electronic message, etc. The defendant would then arrange to have runners located inside the United States deliver methamphetamine to the customers.

In early April 2022, police used a confidential informant ("CI") to contact the defendant to arrange a purchase of one pound of methamphetamine. The CI asked if "his friend"—in reality, an undercover officer ("UC")—could meet the defendant's runner to pick up the drugs. The defendant agreed and provided the informant with a meeting location.

On or about April 6, 2022, the defendant directed the runner—his co-defendant Cesar Aguirre-Bravo—to meet the UC at a pre-arranged meeting location. There Aguirre-Bravo sold the UC approximately one pound (442 grams) of methamphetamine on behalf of the defendant.

On or about April 20, 2022, the UC contacted the defendant to arrange the purchase of another pound of methamphetamine. The defendant agreed to the sale and sent the UC an address. The UC went to the location provided by the defendant, where he was met again by Aguirre-Bravo, who delivered the UC approximately one pound (434 grams) of methamphetamine.

On or about April 26, 2022, the UC contacted the defendant and arranged to purchase two pounds of methamphetamine. The UC went to the location provided by the defendant, where he was met by Aguirre-Bravo, who sold the UC approximately two pounds (895 grams) or methamphetamine.

In addition to the approximately four pounds of methamphetamine delivered by Aguirre-Bravo, the defendant agrees that he facilitated similar distributions of methamphetamine from July 2022 to at least July 2023. In particular, the defendant stipulates to at least the following additional transactions with the UC:

| Date (on or about) | Runner | Amount (approximate) |
|---|---|---|
| 5/16/2022 | Unidentified Male | 1 pound methamphetamine |
| 6/21/2022 | Ivan Trujillo | 1 pound methamphetamine |

3

| | | |
|---|---|---|
| 7/22/2022 | Michael Carrillo<br>Ruben Cazares | 1 pound methamphetamine |
| 8/4/2022 | Edgar Huitzil | 1 pound methamphetamine |
| 8/10/2022 | Juan Ceron-Sanchez | 1 pound methamphetamine |
| 9/19/2022 | Sealed Defendant | 1 pound methamphetamine |
| 10/31/2022 | Jorge Garcia-Guzman | 1 pound methamphetamine |
| 12/7/2022 | Jorge Garcia-Guzman | 1 pound methamphetamine |
| 5/16/2023 | A.M.C. | 1 pound methamphetamine |
| 6/1/2023 | Jorge Leal-Mejia | 1 pound methamphetamine |
| 6/14/2023 | Jorge Leal-Mejia | 1 pound methamphetamine |
| 7/19/2023 | A.C.G. | 1 pound methamphetamine |
| **TOTAL:** | | **12 pounds methamphetamine** |

The defendant agrees he committed these acts voluntarily, knew he was facilitating the distribution of controlled substances, and knew his conduct was unlawful. In total, defendant agrees his personal conduct involved more than 5 kilograms (but less than 15 kilograms) of methamphetamine mixture.

While the defendant does not agree that he is responsible for additional methamphetamine beyond the amounts described above, he understands that the government may argue at sentencing that he is responsible for 45 kilograms or more of methamphetamine either directly or under the principles of relevant conduct in U.S.S.G. § 1B1.3.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this

4

case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.  **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.    **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6.    **Statutory Penalties**. The defendant understands that Count 1 of the Indictment (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846) is a felony offense that carries the following statutory penalties:

    a.    a mandatory minimum of 10 years in prison;

    b.    a maximum of life in prison;

    c.    a supervised release term of at least 5 years up to a maximum supervised release term of life;

    d.    a maximum fine of $10,000,000;

    e.    assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

    f.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

    g.    the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7.    **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The

parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

    a.    Base Offense Level. The government believes the base offense level is **38** based on his involvement with 45,000 grams or more of methamphetamine mixture or 4,500 grams or more of actual (pure) methamphetamine. The defendant reserves the right to argue that the base offense level is **as low as 34** based on his involvement with between 5,000 grams and 15,000 grams of methamphetamine mixture. U.S.S.G. § 2D1.1(c)(1), (3). If the Court accepts the defendant's argument that he is a minor participant in the offense, the base offense level would be further reduced to a **level 34** (down from 38) or a **level 31** (down from 34). U.S.S.G. § 2D1.1(a)(5)(ii)-(iii).

    b.    Specific Offense Characteristics. The parties agree no specific offense characteristics apply.

    c.    Chapter 3 Adjustments. Pursuant to U.S.S.G. §3B1.1, the government believes a **4-level increase** applies because the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. The defendant reserves the right to object to this enhancement and reserves the right to argue that his offense level should be **reduced by 2-levels** because he was a minor participant in the offense pursuant to U.S.S.G. § 3B1.2(b).

    d.    Acceptance of Responsibility. The government agrees to recommend that the defendant receive **a 2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an **additional 1-level reduction** pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be

determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

e.  Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into **Criminal History Category II.** U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.  Guidelines Range. Based on the foregoing, the defendant's offense level could be **as high as 39**, or **as low as 26**. If the adjusted offense level is 39, and the criminal history category is **II**, the Sentencing Guidelines range is **292-365 months of imprisonment**. If the adjusted offense level is 26, and the criminal history category is **II**, the Sentencing Guidelines range is 97-121 months of imprisonment, which becomes **120-121 months** due to the 10-year mandatory minimum penalty applicable to Count 1.

  g.  <u>Fine Range</u>. Based on the figures above, the Sentencing Guidelines fine range is as low as $20,000 to $10,000,000 or as high as $40,000 to $10,000,000. U.S.S.G. § 5E1.2(c).

  h.  <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least 5 years up to a maximum supervised release term of life. U.S.S.G. § 5D1.2.

8. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history

9

category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. Notwithstanding the above, the government agrees to recommend a sentence no greater than 292 months concurrent to the 21-month sentence the defendant is already serving in Criminal No. 23-643 in the Southern District of Texas. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Immigration Consequences.** The defendant understands that pleading guilty may have consequences with respect to his immigration status, including removal or deportation. The defendant understands that no one,

including his attorney, the Assistant United States Attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. Regardless of any immigration consequences that may follow from his guilty plea, even automatic removal or deportation from the United States, the defendant still wishes to plead guilty as set forth in this agreement.

13. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense, including but not limited to the currency described in paragraph 2 above.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant withdraws any claim or petition he has filed with respect to the above-described property and waives all statutory and constitutional defenses to its forfeiture.

The defendant also agrees that the United States may forfeit any and all other property subject to forfeiture as a result of the defendant's plea by any means provided by law.

14. **Waivers of Appeal and Collateral Attack**.  The defendant hereby waives the right to appeal any non-jurisdictional issues.  This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty.  The parties agree, however, that excluded from this waiver is an appeal by defendant of the Court's determination of whether the defendant qualifies for an adjustment based on mitigating or aggravating role pursuant to U.S.S.G. §§ 3B1.1 and 3B1.2.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.  This collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect.  For purposes of this provision, legal principles that are substantive and retroactive are those

that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the Court's determination of whether the defendant qualifies for an adjustment based on mitigating or aggravating role pursuant to U.S.S.G. §§ 3B1.1 and 3B1.2.

15. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 6-10-24

BY: BRADLEY M. ENDICOTT
NATHAN H. NELSON
Assistant United States Attorneys

Date: 17-June-2024

CHARLY CRUZ JIMENEZ
Defendant

Date: 6-17-24

THOMAS C. PLUNKETT, Esq.
Counsel for Defendant

14